Tamara VALLIER, an individual; Ramona Higley, an individual; Francesca Salvo, Estate Of; Anita Salvo; Jill Bauman; Cathy Ellis; Kristen Espenschied, Jonathan Espenschied; Peter Joseph Haring; Mary Hill; Pam McVay; Laura Ofer; Michael Ofer; Dennis Adams; the Estate of William Ofer; Erik Wood; Rick Myers; Francis Brooks; the Estate of Oscar Brooks; Patrick Tenney; Merle Warren; the Estate of Gerard Peters; John Wilcox; James Jones; Katherine Anderson; the Estate of Daniel of Anderson; Michael Harris; Fred Engler; Stephen Saylor; Scott Farrell; Frances Clement; Olga Chestang; the Estate of Charles Chestang; Mary Mix; the Estate of John Mix; John Mix; Betty Barr; the Estate of Earl Barr; Pearl Morris; Vincent Kimbell; Matt Lasky, Plaintiffs–Appellees,

v.

JET PROPULSION LABORATORY,
Defendant–Appellant,

v.

California Institute of Technology, a private educational institution, Third–party–plaintiff–Appellant,

v.

United States of America, Third–party–defendant–Appellee.

No. 00–56749.

D.C. No. CV–97–01171–CAS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Dec. 18, 2001.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Jet Propulsion Laboratory ("the laboratory"), California Institute of Technology ("Caltech") appeals the district court's denial of its petition for certification as a government employee pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(3). Caltech operates the laboratory through contracts with the federal government. The underlying action is a tort action by neighbors of the laboratory who claim that they or their predecessors in interest were harmed by the laboratory's tortious release of toxic chemicals into the air, soil, and groundwater from 1940–1969.

The district court concluded in a well-reasoned decision that Caltech was an independent contractor, not a government employee. On appeal, the only issue the appellant raises is whether the district court erred in applying what the appellant terms the "actual control" standard rather than a "right to control" standard in making this determination.

The problem with the appellant's position that the "right to control" standard applies is that appellant can point to no regulation, contractual provision, or practice on the job suggesting that the government had the authority to control day-to-day activities. *See United States v. Orleans*, 425 U.S. 807, 817–18, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976) (noting that guidelines and regulations issued by the federal government did not vest government with "power to supervise the daily operation of a community action agency"); *Logue v. United States*, 412 U.S. 521, 530, 93 S.Ct.

2215, 37 L.Ed.2d 121 (1973) (finding that employees were not government employees when "the agreement gives the United States no authority to physically supervise the conduct of the employees"); *Hines v. United States*, 60 F.3d 1442, 1447 (9th Cir.1995) (holding that "[n]one of the Postal Service regulations governing [the employee's] conduct establish the requisite day-to-day control"); *Letnes v. United States*, 820 F.2d 1517, 1519 (9th Cir.1987) (holding that contractual provisions were "designed to satisfy the government's safety objectives" not to control the day-to-day operations). The only evidence of a substantial governmental role at Jet Propulsion Laboratory is uncontroverted evidence that the government designed and supervised construction of the laboratory's waste facilities. This evidence is fully consistent with the district court's conclusion that Caltech was operating the facility as an independent contractor.

The district court properly refused to certify Caltech as a government employee. We need not consider the government's alternative argument that a corporation cannot be certified as a government employee pursuant to the Westfall Act.

AFFIRMED.

___

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.